**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Dustin Carl HOLM, Defendant–
Appellant.**

No. 05–30627.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 13, 2006.

Filed Sept. 21, 2006.

Jack B. Haycock, Esq., Office of the U.S. Attorney, Pocatello, ID, for Plaintiff–Appellee.

Kelly Kumm, Esq., Pocatello, ID, for Defendant–Appellant.

Before: HAWKINS, SILVERMAN, and GOULD, Circuit Judges.

MEMORANDUM *

Dustin Carl Holm ("Holm") appeals the district court's denial of his motion for recusal under 28 U.S.C. § 455(a). We affirm.

Holm's motion, filed thirteen months after Holm became aware that the district judge knew of the personally threatening letter, nearly sixteen months after his trial for sending a threatening letter to the courthouse was initially assigned to the district judge, and only after the district judge rejected Holm's plea agreement was not timely. *See United States v. Rogers*, 119 F.3d 1377, 1382 (9th Cir.1997) (untimely when made eighteen months after becoming aware of grounds for recusal); *E. & J. Gallo Winery v. Gallo Cattle Co.*, 967 F.2d 1280, 1295–96 (9th Cir.1992) (untimely when filed eight months after party knew grounds for disqualification and after adverse ruling).

Holm's delay cannot be excused by his acceptance of a plea agreement, during which time he contends it was reasonable to conclude recusal was unnecessary, because the plea agreement remained subject to the district judge's approval and, therefore, Holm's grounds for seeking recusal remained applicable. Further, the plea agreement was pending for only six months, leaving the bulk of the delay unaccounted for.

Even if we were to assume Holm's motion was timely, the district court did not abuse its discretion in denying the motion because Holm's threatening letters were not serious and were motivated by a frivolous purpose: to obtain a transfer from state to federal prison. *See United States v. Yousef*, 327 F.3d 56, 170–71 (2d Cir.2003) (recusal not warranted where threat not serious); *United States v. Greenspan*, 26 F.3d 1001, 1006 (10th Cir. 1994) (recusal not warranted where threats made for frivolous purpose); *see also Clemens v. U.S. Dist. Court for Central Dist. of California*, 428 F.3d 1175, 1179 (9th Cir.2005) (recusal not required where personal threat "motivated by a desire to recuse the judge").

Here, Holm took no action in furtherance of his threats and admitted to the district judge that his letters were sent out of frustration and a desire to obtain a transfer to federal prison, making his case clearly distinguishable from cases involving threats in which recusal was deemed necessary. *See In re Nettles*, 394 F.3d 1001, 1002–03 (7th Cir.2005) (threat was genuine and required recusal because defendant attempted to make arrangements to carry it out and it could not have been made merely to obtain recusal because there were no pending proceedings against him); *Greenspan*, 26 F.3d at 1006–07 (threat required recusal because it was apparently genuine and nothing in the record suggested it "was a ruse ... to obtain a different judge").

**AFFIRMED.**

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.